IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRICK STAMPS**                                                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.:** 3:25-cv-733-DPJ-ASH

**CITY OF VICKSBURG, MISSISSIPPI; AND**
**WILLIS THOMPSON, INDIVIDUALLY, AND**
**IN HIS OFFICIAL CAPACITY AS MAYOR OF**
**VICKSBURG, MISSISSIPPI**                                       **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Derrick Stamps, by and through counsel, Watson & Norris, PLLC, and files this action against Defendants, City of Vicksburg, Mississippi, and Willis Thompson, individually, and acting in his official capacity as Mayor of Vicksburg, Mississippi, for violation of his rights under the First Amendment for retaliation. Plaintiff, Derrick Stamps, brings this action for violation of his rights pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination, violations of his rights pursuant to 42 U.S.C. § 1981 for race discrimination, and violation of his rights under the Age Discrimination in Employment Act of 1967 (ADEA) for age discrimination against the Defendant, City of Vicksburg, Mississippi. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Derrick Stamps, is a male resident of Warren County, Mississippi.

2. Defendant, City of Vicksburg, Mississippi, may be served with process by serving the City Clerk, Deborah Nickson, at 1401 Walnut Street, Vicksburg, Mississippi 39180.

3. Defendant, Willis Thompson, individually, and acting in his official capacity

as Mayor of Vicksburg, Mississippi, may be served with process at 1401 Walnut Street, Vicksburg, Mississippi 39180.

## JURISDICTION AND VENUE

4. This action arises under the First Amendment through 42 U.S.C §1983.

5. This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 (ADEA).

6. This Court has subject matter jurisdiction, and venue is proper in this Court.

7. Plaintiff filed a Charge of Discrimination with the EEOC on September 9, 2025, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on September 15, 2025, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

8. Plaintiff is a 51-year-old black male resident of Warren County, Mississippi.

9. Plaintiff was hired on June 28, 2000, as the Fire Chief for the City of Vicksburg, Mississippi.

10. On June 3, 2025, Vicksburg held an election for mayor.

11. On that day, the longtime mayor, George Flaggs, conceded the election to Willis Thompson.

12. On July 1, 2025, Mr. Thompson began his term as the new mayor. As mayor, Mr. Thompson became Mr. Stamp's direct supervisor.

13. On July 9, 2025, Mr. Stamps noticed on the city's webpage that the Mayor and Board of Aldermen had passed a resolution on interim positions.

14. Every department head was listed as interim, except for the fire and police chiefs, who were known supporters of Mr. Flaggs.

15. On July 10, 2025, the Board met to swear in the interim positions.

16. Prior to the meeting, Mayor Thompson sent Mr. Stamps a text message thanking him for his years of service and letting him know that the Board had decided to go in a different direction regarding Mr. Stamps' role as Fire Chief.

17. Other than the brief text message, Mr. Stamps was not told why he was terminated.

18. On July 18, 2025. Mr. Stamps went to the next Board meeting to inquire about his termination.

19. Of all the members present, only Mayor Thompson spoke. Mayor Thompson simply stated that the board had the discretion to hire whoever they wanted.

20. When Mr. Stamps pushed for further clarification, Mayor Thompson replied that Mississippi is an at-will state.

21. Mr. Stamps asked if his termination was due to job performance or political influence.

23. Mayor Thompson just reiterated that Mississippi is an at-will state and that the Board has discretion.

24. Mr. Stamps contends his termination was in retaliation against him because he supported the former incumbent mayor, George Flaggs.

25. On or around August 25, 2025, Mayor Thompson replaced Mr. Stamps with Harry "Trey" Martin (white male) as Fire Chief. Mr. Martin is substantially younger than Mr. Stamps and has fewer qualifications, certifications, and less experience.

26. Furthermore, Mr. Martin does not reside within the city limits of Vicksburg, in

violation of City ordinances, which require the Fire Chief to live within the city limits.

27. On September 9, 2025, Mr. Stamps filed an EEOC Charge of race discrimination and age discrimination against the City of Vicksburg.

## CAUSE OF ACTION

### COUNT I:  VIOLATION OF FIRST AMENDMENT THROUGH 42 U.S.C §1983 – RETALIATION AGAINST DEFENDANTS VICKSBURG, MISSISSIPPI; AND WILLIS THOMPSON, MAYOR

28. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29. Defendants retaliated against Plaintiff by interfering with Plaintiff's employment relationship with Defendant Vicksburg, Mississippi, and ultimately terminating Plaintiff's employment with Defendant Vicksburg, Mississippi.

30. Plaintiff has suffered damages as a result of the Defendant's actions.

31. In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

32. Plaintiff has been harmed as a result of this unlawful retaliation, and the Defendants are liable to Plaintiff for the same.

33. The acts of the Defendants constitute a willful intentional violation of the First Amendment and entitle Plaintiff to recovery of damages.

### COUNT II: VIOLATION OF TITLE VII - RACE DISCRIMINATION

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of Title VII.

36. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well

as deep humiliation, axiety and emotional distress.

37. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT III: VIOLATION OF 42 U.S.C. § 1981 - RACE DISCRIMINATION

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39. The Defendant has discriminated against Plaintiff because of her race based on the facts identified above and is a violation of 42 U.S.C. § 1981.

40. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

41. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT IV: VIOLATION OF THE ADEA – AGE DISCRIMINATION

42. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 41 above as if fully incorporated herein.

43. Defendant has discriminated against Plaintiff because of his age based on the facts identified above which constitute a violation of the ADEA.

44. Plaintiff has suffered lost wages and benefits as a result of Defendant's discriminatory acts.

45. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the

Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or future pay in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Liquidated damages;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgement and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 29th day of September 2025.

Respectfully submitted,

Derrick Stamps, Plaintiff

By: /s Nick Norris
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
272 Calhoun Station Parkway
Suite C #13
Gluckstadt, MS 39110
nick@watsonnorris.com